[No. 6138.]

THE ARTHUR IRRIGATION COMPANY v. STRAYER.

1. **Easements—Acquiescence of Land Owner in Construction of Ditch**—An irrigating ditch is excavated over private lands, with the consent of the land owner. Those excavating the ditch acquire the absolute right to maintain and use the ditch, as so

constructed. The conveyance of the land, over which such ditch is in operation, in no way impairs the easement.—(375)

2. ——Title to the Servient Estate—The legal title to lands charged with an easement is in the owner of the servient estate. —(375)

3. ——Extent of Easement—The right of the owner of an irrigating ditch, excavated over the private lands of another, extends to the bed of the ditch, and sufficient ground on either side to properly operate the same, depending, necessarily, in each case, upon the particular circumstances and conditions; but he is not entitled to enlarge the servitude or subject the lands to a burden exceeding that of the ditch as originally constructed. —(375)

4. ——Limitation of the Easement by User—An easement may be limited or curtailed by the action and acquiescence of the parties interested.—(375)

Where lands over which an irrigating ditch had been excavated were subdivided and platted into city lots, the lots sold to many different parties, and improved by these with permanent structures and improvements, located in close proximity to the ditch, the owner of the ditch knowing and permitting such improvements, without question or objection, for more than ten years after such improvements were begun, it was held that all further question by the ditch owner, as to the right of the several lot owners to maintain and enjoy such improvements, was precluded.—(375-377)

5. Judgment—Construction—The meaning of a decree is to be ascertained from the words thereof, every part being taken in connection with every part thereof; and with the pleadings upon which it is based.—(377, 378)

A decree regulating the conduct of an irrigating ditch, and restraining particular invasions of the rights of adjacent land owners, held sufficiently certain.—(377, 378)

*Error to Larimer District Court*—Hon. CHRISTIAN A. BENNETT, Judge.

Messrs. RHODES & TEMPLE for plaintiff in error.

Messrs. BALLARD & SARCHET for defendants in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

March 9, 1906, N. G. Strayer, in his own behalf,

and that of others similarly situated, brought suit against The Arthur Irrigation Company, a corporation, to prevent the enlargement and widening of the latter's irrigating ditch between La Porte avenue and Laurel street, in the city of Fort Collins. Answer and replication were filed, and trial had, resulting in findings of fact and entry of decree in favor of plaintiffs. The defendant brings the cause here. for review on writ of error.

The plaintiffs are residents of Fort ·Collins and owners of lands situated along the right of way of the irrigating ditch between the points designated. The ditch was constructed in 1873, and the lands were then owned by the builders of the ditch, or by persons assenting to its construction. Thereafter, the particular land was platted into lots and blocks as an addition to, and became a part of, the city. The plaintiffs, or their assignors, severally acquired ownership of lots in such addition, and built houses and other improvements thereon in close proximity to the ditch line, with the full knowledge and acquiescence of the defendant. It was alleged in the complaint that the ditch "at all times has been limited to a width not exceeding ten feet upon its bottom"; that April 2, 1902, in a case wherein the city of Fort Collins was plaintiff and The Arthur Irrigation Company was defendant, a decree was entered by the district court of Larimer county, wherein it was found and decreed, in reference to the particular ditch in question, "that said ditch extends through the city of Fort Collins, crosses and runs along divers and sundry streets and alleys of said city of Fort Collins; that said ditch was constructed in 1873, and, as heretofore maintained through said city of Fort Collins, was ten feet wide upon the bottom; that the only right of way for the maintenance and operation of said ditch through said city, which

the defendant and its grantors hath heretofore owned
and enjoyed, has been for a ditch ten feet wide upon
the bottom; * * * that the defendant, its agents,
* * * be, and they are, and each of them is hereby,
perpetually enjoined and restrained from enlarging
or increasing the width of said ditch, or permitting
the same to be enlarged or increased at the points
of intersection of said ditch with any of the streets
or alleys within the corporate limits of the city of
Fort Collins, beyond or to a greater extent than ten
feet wide upon the bottom; * * * and they are,
and each of them is, hereby perpetually enjoined and
restrained from changing, altering, interfering with
or widening the banks or top of said ditch at said
street and alley intersections, or any part thereof,
so as to change the same from its present condition.''

The complaint then alleges that the plaintiffs
are entitled to the full benefit of said decree; that
defendant intends to, and, unless restrained, will
widen its ditch to more than three times its present
width; that the ditch cannot be widened without
the total destruction of the houses, barns and im-
provements of plaintiffs, built and constructed along
the line of the ditch as aforesaid.

The answer claimed a right of way for the ditch
forty feet in width—twenty feet on each side of the
center line of the ditch; denied that defendant
acquiesced in the building of the improvements by
plaintiffs, or their assignors, along the line of the
ditch; admitted the entry and existence of the de-
cree pleaded; denied that defendant, in widening
its ditch and operating the same, would destroy the
improvements of plaintiffs along the line thereof,
''unless the plaintiff, and those whom he represents,
had trespassed and encroached on defendant's right
of way.''

The defendant contends that the court erred in refusing to find and decree that the ditch was entitled to a right of way forty feet in width; and in decreeing that the right of way "extends only to the ditch cutting, as the ditch is now constructed, with the right to deposit upon the banks thereof immediately adjacent to such cutting, such dirt and debris as shall be taken out in the proper cleaning of such ditch."

When the owner of lands voluntarily consents to the construction of an irrigating ditch across or over the same, the right of the owner of such ditch to maintain and use the same as built, is absolute against all persons.—*Tynon v. Despain,* 22 Colo. 240, 249. And when one buys lands, through which, at the time, there exists an irrigating ditch in operation, the right of the owner of such ditch to maintain and use the same as before, is in no wise affected. The right so acquired is an easement in the lands through which the ditch runs, but the legal title to the lands upon which the servitude rests is in the owner of the servient estate. While the right so acquired extends to the bed of the ditch and sufficient ground on either side thereof to properly operate the same, it does not vest authority in the owner of the ditch to place a greater servitude or burden upon the lands than existed at the time the ditch was constructed, or was reasonably necessary to properly operate it. The extent of the right necessarily depends, in each case, upon various circumstances and conditions. Moreover, the right may be limited or curtailed by the action and acquiescence of the parties interested. Whatever may have been the rights of the defendant, if it had used the land on either side of the ditch for the purpose of operating and maintaining the same, need not be deter-

mined herein. For a period of many years after the
ditch was constructed, its owners do not appear to
have made any attempt to utilize any lands, on either
side of its ditch, between the points in question.
Some fifteen years after the construction of the
ditch, and while these conditions continued, the own-
ers of the fee platted the land into lots and blocks,
and caused it to become a part of the city of Fort
Collins. The plaintiffs became purchasers of some
of these lots, and as recited in, and established by
the decree, "during many years last past, have
placed improvements, of the kind and character men-
tioned in said complaint, upon said lands; that said
improvements have been constructed and otherwise
placed upon the said lots and lands with the full
knowledge and tacit acquiescence of the said defend-
ant company, and its officers, agents, servants and
employees, and that the same are very valuable and
cannot be removed, destroyed or interfered with,
without the commission of great and irreparable
damage and injury to the lots, and to the owners of
the lots upon which they are situated, and that any
material widening of said ditch would involve, as
a consequence thereof, the injury, loss and destruc-
tion of said improvements." The improvements in
many cases were placed upon the lots more than ten
years prior to the institution of the suit. Some of
the plaintiffs purchased the lots with the improve-
ments thereon, while others acquired vacant lots and
improved the same. The officers of the defendant
company stood by and knowingly permitted, with-
out protest or suggestion of infringement upon its
right of way, the owners of the fee of the land to ex-
pend thousands of dollars in building houses, barns
and stables, in planting trees, and making other im-
provements along the line of, and in close proximity

to its ditch during a long period of years. Under these circumstances defendant is precluded from disputing the right of the owners of the fee to have, maintain and enjoy such improvements so made. He that remains silent when conscience requires him to speak, shall not be heard to speak when conscience requires him to remain silent. The defendant was silent when the circumstances should have impelled it to speak, if its rights were invaded. The policy of the law will not now permit it to appropriate unto itself an alleged additional right of way, which it might have possessed by exercising a proper diligence, when plaintiffs, acting in good faith, and believing that they, and not it, were the owners of, and entitled to its use, have expended large sums of money in placing permanent improvements thereon. The defendant held no right of way by deed. Its right was an easement depending solely upon continued use. It not only failed to use the particular land in question, but acquiesced in its use and improvement by the very ones in whom the fee was vested.

The defendant further argues that the decree is uncertain, unintelligible, and impossible of construction, so as to inform either party of his respective rights; that it gives no definite information of what defendant's right of way consists; that it enjoins defendant from interfering in any way with the improvements made along the bank of its ditch, and fails to disclose of what such improvements consist.

Perhaps the decree might have been made more definite and certain in some particulars, yet we do not consider it so imperfect as to require us to set it aside. While the meaning of a decree necessarily depends upon its own terms, the pleadings upon

which it is based may also be considered in ascertaining its meaning. Moreover, every part of the decree must be considered in its relation to every other part, and its fair meaning deduced from the whole instrument, bearing in mind the purpose and object of the suit as disclosed by the pleadings.— *Drach v. Isola,* 48 Colo. 134, 141. The pleadings disclose that defendant's ditch did not exceed ten feet in width on the bottom. It was established by the findings of fact that its right of way "extends only to the ditch cutting, as the ditch is now constructed, with the right to deposit upon the banks thereof immediately adjacent to said cutting, such dirt and debris as shall be taken out in the proper cleaning of such ditch." The decree enjoined the defendant from increasing the width of its "ditch upon the bottom beyond a distance of ten feet, or to increase in any wise the present width of the top of the said ditch." The location of the improvements in relation to the ditch, the permanent character thereof, and of the ditch, renders the language used, defining the right of way, reasonably certain, under all the facts and circumstances of this case. The identification of plaintiffs' improvements, which defendant is enjoined from injuring, does not appear to be uncertain. The decree enjoined defendant to use the least possible space for embankments consistent with the proper cleaning out of its ditch, and in no event to commit injury to the buildings or other permanent improvements standing along the line of the ditch, and directed plaintiffs to remove their fences, to the end that defendant would have sufficient space for such debris so removed. Under this language, and the conditions and circumstances of this case, a fair-minded person should have no difficulty in understanding and knowing the particular improvements the defendant is enjoined from injuring.

Other contentions of defendant are necessarily included in, and determined by our conclusions upon the questions hereinbefore discussed. The judgment is, therefore, affirmed.        *Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.