[No. 7619]

## KNUDSON v. FROST ET AL.

1. ESTOPPEL—*By Conduct*—Land owner conveyed to another a right of way over his lands, for a ditch, the conveyance not prescribing the width of the way. The ditch was constructed under the land owner's eye, and with frequent suggestions from him. *Held* that the land owner must be regarded as having consented to the width and depth of the ditch, and the ground occupied thereby.

2. EASEMENT—*Implied Incidents*—Every grant carries with it, by implication, whatever is necessary to the enjoyment of the thing granted. One entitled to maintain an irrigating canal over the lands of another is also entitled, as of right, to enter upon such lands for the repair and maintenance of the canal, but only at the time and to the extent necessary for the purpose, and without occasioning unnecessary inconveniences to the land owner.

The right is limited by the necessity which creates it.

Plaintiff was entitled by grant of defendant to a way sixteen feet in width for a ditch over defendant's land. A decree permitting the absolute use by plaintiff of twenty feet of ground on either side of this way, and enjoining defendant from interfering with the use of the same by plaintiff, was reversed, because such enlargement of the way was unnecessary, and a manifest interference with the right of the land owner.

*Appeal from Logan District Court.*—Hon. H. P. BURKE, Judge.

Mr. J. W. McCREERY, and Messrs. McCONLEY & HINKLEY, for appellant.

Messrs. MUNSON & MUNSON, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On the 21st day of September, 1907, the appellant conveyed by deed to the appellees a right of way for the construction, maintenance and operation of a certain ditch for irrigation purposes over and across the lands of appellant, which, together with the course of the ditch, are fully described and set out in the deed. Neither the width of the right of way, nor the dimensions of the ditch, is mentioned in the deed.

The complaint alleges that prior to the deed of conveyance, an oral agreement was entered into between the plaintiffs and defendant, whereby the defendant was to convey to the plaintiffs a right of way across his lands, for the construction and maintenance of an irrigation ditch, the right of way for the ditch to be sixteen feet wide, and an additional easement for the use of plaintiffs, sufficient for the purpose of turning their teams, the use of such machinery and other appliances as might be necessary for the maintenance of the ditch; further, that this should be in the form of two separate written agreements, one for the right of way for the ditch, and the other for the right to the use of lands for the purpose of maintaining the ditch.

The execution and delivery of the deed is alleged, as is the construction and use of the ditch.

The complaint then alleges that at the time of the execution of the deed for the right of way, the defendant was ready and willing to execute a contract giving the plaintiffs the additional easement for the purpose of turning teams, and operating machinery and appliances for the proper maintenance of the ditch; but that, because of the lateness of the hour, the preparation and execution of such contract was deferred by agreement of parties until a later day; that the defendant has refused to permit the plaintiffs to enter upon the premises, other than the sixteen feet included in the right of way for the

ditch proper, which the parties seem to agree was the width intended for the right of way conveyed.

It was further alleged in the complaint:

"That it is necessary that they should use additional ground to the sixteen foot right-of-way for the purpose of entering upon the defendant's premises; that it is necessary that they should use a portion of the defendant's premises adjacent to the said line of ditch for the purpose of turning teams, operating machinery and other appliances for the proper maintenance of said ditch.

"That unless they are allowed to use the said ground as agreed upon between the parties, as above set out, great and irreparable mischief and damage will be done to the plaintiffs as it is absolutely necessary that the said ditch should be repaired, and it is also necessary that additional ground should be used by the said plaintiffs in addition to the sixteen foot right-of-way, above set out in said right-of-way deed, for the purpose of maintaining said ditch."

The prayer was for an order enjoining the defendant "from in any manner interfering with the plaintiffs in their maintaining of the said ditch; that the said defendant be enjoined from interfering with the said plaintiffs, and preventing them from entering upon the defendant's premises for the purpose of maintaining said ditch; that the said defendant be enjoined from interfering with the plaintiffs in their making use of additional ground adjacent to the said right-of-way for the purpose of turning teams and operating machinery and other appliances necessary for the proper maintenance of said ditch."

The answer admitted the deed and construction of the ditch, but denied any agreement to enter into a contract for any easement over the lands other than the

sixteen-foot right-of-way, which the parties now agree was intended to be granted in the deed for the construction and maintenance of the ditch.

The court found for the plaintiffs upon all questions of fact, and rendered judgment, granting an injunction, permitting the absolute use by plaintiffs of twenty feet of ground on either side of the alleged sixteen-foot right-of-way where the same is described, for the purpose of maintaining the ditch, and the defendant was enjoined from in any way interfering with the use, by the plaintiffs, of such premises.

The appellant complains here of the grant, in the decree, of the use of twenty feet on either side of the alleged sixteen-foot right-of-way, and of being denied the use of that portion of his premises.

While the parties seem to agree, and the court found, that the deed conveyed a right-of-way for ditch purposes, sixteen feet in width, the fact is that nothing is said in the deed concerning the width of the right-of-way.

The deed simply conveys "a right-of-way for a certain ditch to be constructed on, over and across the land belonging to the party of the first part," and then follows a description of the starting point, the course, the point of ending, and the lands through which the ditch is to run.

The written contract not only grants a right of way for ditch purposes, but compels its maintenance as one of the conditions of the grant, in the following language:

"It is further agreed by and between the parties hereto, that the failure to maintain said ditch and to keep the same in repair for a period of one year, at any time after the completion thereof, as above stated, shall be deemed an abandonment of said right-of-way and

cause the same to revert to the said party of the first part."

It will be observed that plaintiffs did not allege nor prove that there was an oral agreement that plaintiffs should have the use of an additional twenty feet on either side of the agreed sixteen feet, for the purpose of maintenance, but that the alleged oral agreement was simply for an "additional easement for the purpose of turning teams, operating machinery and appliances for the proper maintenance of the ditch."

One of the witnesses testified that this would require twenty feet additional on each side, which probably furnished the basis of the court's decree granting a perpetual easement over two strips of land aggregating forty feet in width across defendant's lands, which was clearly error, for it does not appear that this was agreed, nor that it is necessary for the purposes intended.

The testimony shows that the ditch was constructed with the consent and under the eye of the defendant, and with frequent suggestions from him; therefore its width and depth, and the ground used for the purpose, must be accepted as being by his consent.

The only question, then, is as to the right of the plaintiffs, either under the alleged oral contract or the written agreement, to the use of necessary additional lands to properly maintain the ditch as constructed.

That part of the oral agreement not embodied in the written grant cannot be said to be more than the right to enter upon the servient estate for the purpose of repair and maintenance of the ditch, and then only at such times and to the extent necessary for such purpose. This oral agreement, in effect, confers no greater right than that which follows as a matter of right in a case such as the present one, where the grant is silent upon the subject of the right to make repairs.

The rule in this regard is stated in 14 Cyc. 1210 to be:

"The owner of a dominant estate may do whatever is reasonably necessary to the enjoyment of the ease-ment and to keep the same in a proper state of repair, provided it is done without unnecessary inconvenience to the owner of the fee; and the extent of the easement is not thereby enlarged. This includes a right of entry upon the servient estate for the purpose of making re-pairs whenever such repairs are necessary, but at no other time and for no other purpose."

In the very similar case of *Pico v. Colimas,* 32 Calif. 578, involving the right-of-way for an irrigating ditch, it was held that the owner of an easement upon the land of another has a right to enter upon the land to keep the easement in repair, but that aside from this and analog-ous purposes he has no right-of-way. In that case the court said:

"But it does not follow from defendants' ownership of the easement alleged, that they had the right to enter upon the 'Ranchito' at will, or irrespective of occasion. The defendants owned the easement, they had the right to enjoy it. (*Wood v. Truckee Turnp. Co.,* 24 Cal. 474.) As ancillary to a reasonable enjoyment of it, they had the right to enter upon the 'Ranchito' for the purpose of keeping the *zanja* in repair, or freeing it from obstruc-tions prejudicial to the easement. But aside from these and analogous purposes, the defendants had no right to enter upon the lands affected by the servitude. To hold otherwise would be to clothe the defendants with rights not involved in the servitude, nor deducible from it."

In *McMillan v. Cronin,* 75 N. Y. 474, it was held:

"Having the easement, carried with it the right to make necessary repairs: Washb. on Ease., 654; *Pres-cott v. White,* 21 Pick. 341, 32 Am. Dec. 266, and cases

cited. In fact, the grantee of a private way is bound to keep it in repair; (*Williams v. Safford,* 7 Barb. 309). Although all rights by prescription are *stricti juris,* there is no rule of construction which holds that a right-of-way by grant or prescription does not confer rights which authorize the owner to keep it in repair, and to remove all obstacles to its enjoyment.''

In the case of *Thompson v. Uglow,* 4 Ore. 369, the court said:

''The general rule, that a party who has a right of enjoyment, has also a right to enter and make necessary repairs, is essential to the enjoyment of the thing granted. This right necessarily passes by the grant, otherwise it would be in the power of the grantor to virtually nullify and defeat his own deed, by depriving the grantee of the power to repair and use the thing granted. If the mode of enjoyment, and of making repairs, is specified in the grant, the court has only to construe the contract; or, if the right has been acquired by prescription, the court will ascertain, under the ordinary rules of evidence, how the right has been exercised and enjoyed; but cases arise where an easement has been acquired by deed and the instrument is silent both as to the party bound to make repairs, and as to the privileges and duties of the party in making them.

''It has been stated, in general terms, that where the deed thus leaves the matter of repairs to be implied, each case must be determined according to its own peculiar circumstances. The authorities cited establish the following general principles: The owner of the servient estate is not obliged to make repairs unless by virtue of a covenant to do so, express or implied. The owner of the easement is privileged to repair in all cases where the easement cannot be enjoyed without repairs; and in making them, he may dig up the soil and otherwise use

and encumber it, doing no more injury than is necessary when such course is indispensable to the enjoyment of the easement."

It will be seen from what has been said that the judgment of the court, whether based upon the oral agreement or upon such rights as follow the written grant, and as incident thereto, was erroneous in that it granted an absolute easement in two strips of land, each twenty feet wide and on either side of plaintiffs' ditch. This gives the plaintiffs the absolute right to the use of all this land at all times and whether necessary for the purpose or not, while for the purpose of repair they may require only the use of defendant's lands for the necessary distance on either side of plaintiffs' ditch in certain places and at certain times; yet it cannot be said that this is necessary on all parts of defendant's lands along the right-of-way, nor at all times. The right is based upon necessity, and the use is confined to the times, places and extent necessary.

This use cannot be said to be a part of the easement, but is simply incidental to it. It may be in this case that the land is useful to the defendant for agricultural purposes, and it is not within the right of plaintiffs to interfere with such use, except only as may be necessary to repair the ditch or to remove obstructions; and this should not be done during the growing crop season if it can be reasonably avoided.

This question of fact should have been determined by the court and an order entered accordingly.

The judgment is reversed, with instructions to determine the facts and enter such order as may seem proper and in accord with the views expressed in this opinion.

*Reversed.*

MUSSER, C. J., and GARRIGUES, J., concur.