No. 10,360. ·

Finn *v*. Saffer.

Decided July 3, 1922.

Action for injunction.   Decree for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.   Easement—*Ditch Right of Way—Parol License.* An easement for the construction and use of an irrigating ditch across land may be created by parol license; but to perfect the right, there must be a construction followed by continued use.

2.   *Irrigating Ditch—Enlarged Servitude.* Where one is granted a parol license for the construction and use of an irrigating ditch, he cannot enlarge the servitude or build another ditch at a different place on the land.

3.   Appeal and Error—*Fact Findings.* Fact findings by a trial court, supported by competent evidence, will not be disturbed on review.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. C. W. Darrow, for plaintiff in error.

Mr. J. W. Dollison, for defendant in error.

*En banc.*

Mr. Justice Campbell delivered the opinion of the court.

The plaintiff owns several contiguous tracts of land in Garfield County, and the defendant owns land situate to the south and across a public highway therefrom.   Defendant asserts ownership of a sublateral irrigating ditch over and across one of plaintiff's 40 acre tracts.   He demanded of the plaintiff permission to enter upon the same to clean

out, or construct, a ditch on the line of the asserted easement. The plaintiff denied the request, observing at the time that he would protect his lands from trespass at the point of a gun. Thereupon the defendant had the plaintiff arrested for threatening to break the peace and the magistrate required the plaintiff to give the prescribed bond and, while the bond was in force, the defendant entered upon the land and, as he says, cleaned out the ditch in question which had become filled up, and, as plaintiff says, constructed an entirely new ditch, which he continued thereafter, and till this action was begun, to use in diverting water from the main canal to irrigate his lands lying below plaintiff's tract.

Plaintiff brought this action and asked for a decree declaring his land not subject to the asserted easement; for an injunction to restrain defendant from entering upon his land or using the ditch; and for damages suffered by the defendant's wrongful acts. A temporary injunction was issued as prayed for, and, upon final hearing before the court, without a jury, the same was made permanent and a money judgment of five hundred dollars damages was awarded. As plaintiff offers to remit damages, that feature is not now in the case.

The defendant is here with the record and asks for a *supersedeas*. It would be idle to grant this request since the judgment is clearly right and sustained by the evidence, as we proceed to show. Defendant's claim of ownership of the ditch and easement is based upon an alleged irrevocable, accepted parol license given to the defendant's remote grantor by the then owner of plaintiff's lands, to build an irrigating ditch across such lands to carry water to irrigate the lands of the licensee, which ditch was built in 1906 or 1907. Unquestionably such an easement may be created either by a writing or parol license. The deeds which the defendant offered in evidence to show his claim of title to the alleged easement, contain no mention or reference to any such easement, either as appurtenant to the lands conveyed or to any other land, and there is no evi-

dence that it was the intention of any of the grantors of these lands to convey the ditch and easement in question. In so far as the defendant's right rests upon deeds of conveyance, there is no evidence to uphold it.

But defendant says that his grantor was given a parol license, by the then owner of plaintiff's lands, to build a ditch across these lands, and that the license was accepted and the ditch constructed and used for the purpose indicated. Defendant's evidence to sustain this claim is not made out. The witness Prendergast—defendant's remote grantor—a witness for defendant, says that he built a ditch across the lands which are now the plaintiff's by permission of one Fleming, who was then part owner, and the ditch was constructed jointly by the licensor and licensee so that they might be able to use a greater head or volume of water by combining their respective appropriations and carrying the same at one time in this ditch. Prendergast, however, says that this arrangement did not prove satisfactory to either party and such use was discontinued after two seasons and he made no further use of the ditch in question thereafter. His right under a parol license depended upon continued use. See Arthur Irrigation Company case *infra*. There is no other testimony that the ditch was used or attempted to be used for any purpose by any person for a period of at least twelve years after the discontinuance mentioned, and no claim adverse to the rights of plaintiff was ever asserted until defendant acquired ownership of the Prendergast land about twelve years after Prendergast had abandoned or relinquished use of the ditch. The court's finding is sustained by evidence that there never has been a continuous use of this ditch, and there is enough evidence to justify the finding of the court that it was the intention of Prendergast to abandon, and that he did abandon, any rights that he may have acquired through the alleged license of the then owner.

When plaintiff bought his land and examined it at the time, he found no trace of the alleged ditch and there was nothing on the ground to indicate that there ever had been

a ditch at the place where defendant in his testimony located it, and there is nothing of record in the County Clerk's office to show that plaintiff's land was subject to any easement for this ditch, or for any ditch. Besides this, while there is a conflict in the evidence, there is sufficient, competent and legal evidence to sustain the finding of the trial court that the ditch which Prendergast built and used was by permission of the part owner of the land on which it was situate, and was on another 40 acre tract about 170 feet east of the place where the defendant cleaned out or constructed a ditch in 1920, the ditch of which he now claims ownership. If, therefore, the defendant is or was the owner of an easement or right of way for a ditch and of the ditch itself across the plaintiff's lands, he could not enlarge the servitude or build another ditch at a different place. *Arthur Irrigation Co. v. Strayer,* 50 Colo. 371.

Then, too, there is evidence that at the time Prendergast built a ditch, wherever it was located, he was a tenant of the owner of the land across which it was built and he could not assert a hostile title to his landlord, and that the arrangement for the building of the ditch was for the mutual accommodation of the parties, and there was no intention to grant a permanent easement that would pass by a conveyance as an appurtenance to Prendergast's lands, and that the right acquired, whatever it was, was temporary and was abandoned within two years and never re-asserted until the defendant asserted the right.

It should be said that as to most, if not all, of the substantial issues of fact involved, the evidence was in conflict. The court, having seen the witnesses and heard their testimony, was better able to judge of their credibility and of the weight and sufficiency of the testimony than this court is. It is sufficient to say that the vital questions in the case were questions of fact and the findings, being in favor of the plaintiff and being supported by competent evidence, this court should not set them aside. The application for *supersedeas* is denied and the judgment affirmed.

MR. CHIEF JUSTICE SCOTT not participating.