No. 11,195.

NEVILLE *v.* LOUDEN IRRIGATING CANAL AND RESERVOIR CO.

Decided January 18, 1926.

Action to quiet title to right of way for an irrigating ditch. Decree for plaintiff.

*Affirmed.*

1.   IRRIGATION—*Ditch Right of Way—Prescription.* Where a right of way across the land of another for an irrigation ditch is acquired by prescription, the rights obtained are all that are reasonably necessary to the convenient and proper use and maintenance of the ditch.

2.   *Ditch Right of Way—Maintenance.* The right of way for a ditch includes the right to maintain it, which includes repairs, ingress and egress with space therefor as exigency may show.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, Mr. AB H. ROMANS, Mr. WM. A. BRYANS, III, for plaintiff in error.

Mr. HARRY N. HAYNES, Mr. JOHN H. SIMPSON, Mr. HERMAN W. SEAMAN, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error brought suit and obtained a decree to quiet its title to a right of way through the land of Neville and to define the scope and extent thereof. The decree fixes the right at varying widths in different parts of the land, depending on the topography and the consequent varying necessities for maintenance, repairs, etc.

The title of plaintiff to the right of way was by prescription, i. e., user for about thirty years.

The plaintiff in error claims that the judgment should not be governed by the necessities, but, since the title was by prescription, the right must be limited in scope and extent to what was actually used. We cannot assent to that proposition.

The basic question, of course, is, What rights were acquired by prescription? The answer is "all that is reasonably necessary to the convenient and proper use and maintenance of the" ditch. *Omaha & R. V. Ry. Co. v. Rickards,* 38 Neb. 847, 57 N. W. 739; *Arthur Irr. Co. v. Strayer,* 50 Colo. 371, 375, 115 Pac. 724, 9 R. C. L. 795; 1 Thompson Real Property, §§ 611, 613. The fact that the owner of the right has not found it necessary to use so wide a space during the period of prescription is not conclusive against him though it may tend somewhat to show that such space is not needed; the right of way for a ditch includes the right to maintain it, 1 Thompson Real Property, §611, and that includes repairs, ingress and egress with space therefor as exigency may show. The consequence of the contrary would be, in the last analysis, that whenever a ditch broke on a hillside the owner of a prescriptive right of way would be put to a condemnation suit before he could mend it. Upon the evidence, according to this rule, the court was justified in finding the width as it did.

We do not find that any of the cases cited by plaintiff in error lead to his conclusions.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.