517 P.2d 860 (1973)
Helen Mary SHRULL, Plaintiff-Appellant,
v.
Mike RAPASARDI and Robert Wenzel, a/k/a Robert Rapasardi, Defendants-Appellees.
No. 72-418.
Colorado Court of Appeals, Div. II.
November 20, 1973.
Rehearing Denied December 11, 1973.
Certiorari Denied January 28, 1974.
Frank Delaney, Glenwood Springs, for plaintiff-appellant.
Petre & Zimmerman, P. C., George J. Petre, Glenwood Springs, for defendants-appellees.
Selected for Official Publication.
*861 COYTE, Judge.
This case involves the right of a landowner to clean and maintain a drainage ditch across the property of an adjoining landowner. The trial court held that defendant Rapasardi had an easement which permitted him to clean and maintain a ditch across plaintiff's property. Plaintiff appeals and we affirm.
The case was initiated by Shrull's filing a complaint alleging that defendants committed a trespass in September 1969 when they entered her property and excavated a ditch by means of explosives. In their answer, defendants admitted entering the property and opening a ditch, but raised various defenses including existence of an easement, estoppel, and consent.
The record discloses that plaintiff and defendant Mike Rapasardi own adjoining ranches in Garfield County, Colorado. Portions of the defendant's ranch lie to the north and to the south of a triangular-shaped portion of plaintiff's ranch. The land in the area of the ranches generally slopes in a southerly direction. Surface water and irrigation waste water drain from the northern portion of defendant's ranch across the triangular-shaped portion of plaintiff's ranch to the southern portion of defendant's ranch. There is a spring that develops some water on the contested portion of plaintiff's property. This property consists of a low, swampy area of several acres. The swampy area extends onto the northern portion of defendant's property. Drainage from this swampy area is intercepted by a ditch near the southerly line of plaintiff's property and the water is used for irrigation of the southern portion of defendant's ranch.
Defendants admitted entering plaintiff's property and opening a ditch across it by means of blasting powder. Defendants testified that they had maintained a ditch across the property since 1929. They further testified that because of the swampy nature of the area it was necessary to reopen the ditch periodically. The nature of the ground made it impossible to use machinery and in prior years the ditch had been opened by hand, but in 1952, 1962, and again in 1969, blasting powder was used for that purpose. Defendants testified that the ditch across plaintiff's property served a two-fold purpose: To minimize damage from water backing up and thereby causing expansion of the swamp; and to assure a constant flow of water for irrigating the southern portion of the ranch.
Plaintiff purchased her property in 1957. There was considerable testimony about the events which occurred in connection with the use of blasting powder by defendants in 1962. Plaintiff and her husband were nearby when defendants excavated the ditch. They testified that they immediately objected to any blasting. On the other hand, there was testimony that when the reason for the blasting was explained to plaintiff, she said that since defendants had started the excavation they could continue with it.
The trial court found that both surface and subsurface water had drained through the swampy area on plaintiff's property for many years. However, the court found that there was no man-made ditch across the area when plaintiff purchased the property, and accordingly, it held that she had purchased the property without notice and free from any easement for a ditch. The trial court further found, however, that the excavation conducted in 1962 was carried out with the knowledge of plaintiff and without any interference by her at the time or during the subsequent period until this suit was filed some seven years later.
Relying upon Leonard v. Buerger, 130 Colo. 497, 276 P.2d 986, the trial court concluded that defendants have a right-of-way for a ditch across plaintiff's property. Accordingly, the court entered judgment for defendants and ruled that defendants could maintain a ditch across plaintiff's property subject to certain conditions, including a requirement that they give plaintiff twenty-four hours advance notice of any blasting, limit the dimensions of the ditch, and clean up the debris. On appeal, plaintiff challenges the trial court's ruling *862 with respect to the ditch right-of-way and the extent of defendants' right to enter upon her property to maintain the ditch.
The trial court correctly applied the law. As stated in Leonard v. Buerger, supra:
". . . There is no law which forbids one to grant permission to his neighbor to dig an irrigation ditch across his land without first purchasing a right of way and getting a deed to it. When, under such circumstances, the ditch actually is excavated and put into use without objection, or by approval, the owner of land traversed thereby may not thereafter withdraw his consent, deny the right of maintenance or destroy the ditch. Such consent need not even be in writing. Where the ditch has been in existence for any appreciable time, consent to its original construction is presumed."
Accordingly, the judgment of the trial court granting an easement must be affirmed.
The remaining question is the nature and extent of defendant's right to go upon plaintiff's property to excavate and maintain the ditch.
If the owner of the dominant estate does not unnecessarily inconvenience the owner of the servient estate and use of the easement is not expanded, the owner of the dominant estate may do whatever is reasonably necessary for the enjoyment of the easement, including repairs, ingress and egress, with space therefor as exigency may show. Neville v. Louden Irrigating Canal & Reservoir Co., 78 Colo. 548, 242 P. 1002; Knudson v. Frost, 56 Colo. 530, 139 P. 533. The right of an owner with respect to a ditch excavated over the private land of another extends to the bed of the ditch and sufficient ground on either side to operate it properly, depending necessarily, in each case, upon the particular circumstances and conditions. Arthur Irrigation Co. v. Strayer, 50 Colo. 371, 115 P. 724.
We conclude that the trial court's order allowing defendants, under the conditions imposed, to excavate and maintain a ditch through the swampy area of plaintiff's property was a reasonable and proper incident of the easement for a drainage ditch.
Judgment affirmed.
SILVERSTEIN, C. J., and SMITH, J., concur.