**OSBORN & CAYWOOD DITCH CO.,**
**Plaintiff-Appellee,**

v.

**Gerald GREEN and Kay Green,**
**Defendants-Appellants.**

No. 82CA0028.

Colorado Court of Appeals,
Div. II.

Nov. 17, 1983.

Chilson & Stanton, P.C., John H. Chilson, Loveland, for plaintiff-appellee.

R.B. Fickel, Berthoud, for defendants-appellants.

SMITH, Judge.

This is an appeal from an injunction issued by the trial court which prohibited the defendants Green from irrigating across the plaintiff's canal. We modify the injunction, and, as modified affirm.

The trial court found the facts to be as follows. Plaintiff is Osborn-Caywood Ditch Company (company) which owns the Osborn-Caywood Ditch. This ditch, which has been in existence for many years, bisects the Greens' land. In 1977, the defendant Jerald Green contacted the owners of the ditch company and indicated that he desired to install a moveable overhead sprinkler to irrigate his land. He requested permission from the ditch company to cross the ditch with a pivot sprinkler, so that Green's land on both sides of the ditch could be irrigated by the sprinkler method. Permission was granted, and beginning in 1978, Green began operating his sprinkler irrigation system on his farm. Green installed railroad ties on the banks of the ditch to allow the pivot sprinkler system to roll across the ditch on planks supported by the ties.

After the new sprinkler operation had begun, the company discovered that the operation of the sprinkler system caused problems in the operation and maintenance of the ditch. The water from the sprinkler created a muddy condition on the access road which ran parallel to the ditch, softened the banks of the ditch so that the railroad tie crossings cut gouges in the ditch banks when the sprinkler wheels crossed over it, and greatly increased the weed growth on the banks of the ditch. Additionally, because the sprinkler kept the banks wet, the company was unable to spray and burn the weeds at appropriate times during the 1978 irrigation season. Because of these and other difficulties the company encountered in maintaining the ditch, the company notified Green that permission to cross the ditch would be terminated at the end of the 1979 irrigation season. Green, however, continued to operate the sprinkler across the ditch throughout 1980. As a result, the company filed this action seeking damages and injunctive relief.

On supporting evidence, the trial court found the defendant's operation of its sprinkler system substantially interfered with the plaintiff's use and enjoyment of its ditch easement. In its decree, the trial court, feeling a need specifically to define the boundaries of the easement, included the following paragraph in its order:

"That the plaintiff Osborn and Caywood Ditch Company is the owner of an easement across the land owned by the defendants. Said easement being a total of 72' in width, laying 36' on either side of the center line of the existing Osborn and Caywood Ditch, as it crosses the following described real property owned by the defendants . . . ."

On appeal, the parties concede, that a determination of the width of plaintiff's easement is not necessary to this case since neither party had sought such determination. If a ditch easement arises by prescription, the dimension of the access right to maintain the ditch is that which is reasonably necessary. Accordingly, we direct that the above quoted paragraph be stricken from the trial court's order. *See Neville v. Loudon Irrigating Canal & Reservoir Co.,* 78 Colo. 548, 242 P. 1002 (1926); *see also Shrull v. Rapasardi,* 33 Colo.App. 148, 517 P.2d 860 (1973).

Paragraph 14 of the trial court's decree states:

"The defendants and their heirs, successors and assigns be and [are] hereby enjoined and prohibited from committing any of the following acts:

A. Placing any object of any nature or description on, in, or across plaintiff's ditch.

B. Causing or permitting any irrigation, sprinkler system to cross plaintiff's ditch or to sprinkle irrigation water on plaintiff's ditch banks or access road.

C. Interfering with or in any manner obstructing or preventing plaintiff's full use and enjoyment of its easement for the operation, maintenance of its irrigation ditch."

In considering the validity of the above paragraph, we start with the proposition that while plaintiff had obtained an easement by prescription, it had not acquired title to the land over which it flows. The easement, therefore, should not work a

dispossession of the landowner. *Barnard v. Gaumer,* 146 Colo. 409, 361 P.2d 778 (1961).

Whenever there is ownership of property subject to an easement, there is a dichotomy of interests, both of which must be respected, and which must be kept, as nearly as possible, in balance. *See North Union Canal Co. v. Newell,* 550 P.2d 178 (Utah 1976). In attempting to achieve this balance the trial court must be mindful that on the one hand, the owner of the land burdened by an easement has a qualified right to put his property to any lawful use for which it may be adapted, including farming, but that in exercising this right, must not unreasonably interfere with the superior right-of-way of the person possessing the easement. *Harding v. Pinello,* 518 P.2d 846 (Colo.App.1973) (not selected for official publication)

Conversely, the owner of the easement, or dominant estate, may do whatever is reasonably necessary to permit full use and enjoyment of the easement including the exercise of rights of ingress and egress for maintenance, operation, and repair. The exercise of these appurtenant rights, however, may not expand the scope or extent of the easement. *Shrull v. Rapasardi, supra.*

Applying these principles here, we conclude that this injunction absolutely prohibiting the placing of any object of any nature or description on, in, or across plaintiff's ditch, is too broad; its terms are more restrictive than as required by the facts.

This is true as well with the second part of the trial court's injunction prohibiting defendants from permitting any irrigation sprinkler system to cross the plaintiff's ditch banks or access road. The landowner, here, has a qualified right to cross, and to take equipment across plaintiff's ditch to reach his property which lies on the other side, and to irrigate his land by sprinkling so long as he does not unreasonably inhibit company's ability to traverse the access road, maintain the ditch, spray and burn weeds, and so long as he does not damage the ditch structure. *Harding v. Pinello, supra.*

We agree with the trial court that Green's sprinkling operation, as conducted, violated company's rights. Nonetheless, the trial court's injunction must be modified to bring it into compliance with these legal principles. We therefore modify Paragraph 14 of the decree to read as follows:

14. The defendants and their heirs, successors and assigns be and are hereby enjoined and prohibited from committing any acts which shall unreasonably interfere with, or in any manner obstruct or prevent plaintiff's full use and enjoyment of its easement for the operation, and maintenance of its irrigation ditch, such as, but not limited to, making the access road muddy at times when company requires its use, damaging ditch banks, increasing weed growth or making spraying or burning more difficult.

The appellants' other contention that Mrs. Green was not properly made a party is without merit.

The judgment is modified as specified herein and as modified is affirmed.

VAN CISE and KELLY, JJ., concur.