**HORNSILVER CIRCLE, LTD., a Colorado general partnership, and Sherry B. Johnson, Plaintiffs–Appellees,**

v.

**Linda TROPE and Sorrell Trope, Defendants–Appellants.**

No. 93CA1770.

Colorado Court of Appeals, Div. V.

March 9, 1995.

Rehearing Denied April 27, 1995.

Certiorari Denied Oct. 30, 1995.

Wood, Herzog, Osborn & Bloom, P.C., David L. Wood, Fort Collins, for plaintiffs-appellees.

Dunn, Abplanalp & Christensen, P.C., John W. Dunn, Vail, for defendants-appellants.

Opinion by Chief Judge STERNBERG.

Plaintiffs, Hornsilver Circle, Ltd., and Sherry B. Johnson, brought suit seeking permanently to enjoin defendants, Linda and Sorrell Trope (the Tropes), from interfering with an easement plaintiffs claimed on property owned by the Tropes. The plaintiffs prevailed, and the Tropes appeal. We affirm.

Plaintiffs and the Tropes own adjacent residential properties in Vail, Colorado. Plaintiffs' predecessors in title recorded a deed conveying property described as Lot 9, Block 6, Vail Village, Seventh Filing in August of 1971.

In 1973, upon discovery of a dispute as to the boundary to the property, plaintiffs' predecessors in title sued their grantor, Vail Associates. In settlement of that suit, Vail Associates delivered a corrected deed which modified the boundaries of the property, the former Lot 9, with a new parcel described by metes and bounds, referred to as "Lot B," Block 6, Vail Village, Seventh Filing. The corrected deed was not recorded until April of 1975. The designation, "Lot B," referred to a tract contained in an unrecorded plat. The official, recorded plat of Vail Village, Seventh Filing does not contain a "Lot B."

Plaintiffs' predecessors in title purchased an adjoining lot, described as Lot 7, Block 1, Vail Village, Eighth Filing. Thereafter, they conveyed that lot to the Tropes' predecessors in title by a deed recorded in February of 1975, in which they reserved to themselves and their successors an easement over a portion of that lot described by metes and bounds. The reservation was:

> *solely for the purpose of non-commercial parking of operable private motor vehicles owned or used by the owners or occupants of Lot B,* a part of Block 6, Vail Village Seventh Filing, or their guests; provided, however, that the exercise of such easement shall comply with all applicable zoning and other laws, shall not include the right to make any improvements thereon unless the grantee of Lot 7, Block 1, its

successors and assigns shall in advance consent thereto in writing, and *shall not be exercised so as to create a nuisance or otherwise interfere with the development and use of said Lot 7, Block 1, Vail Village Eighth Filing.* (emphasis added)

In July of 1990, the Tropes' predecessors in title conveyed Lot 7, Block 1, to the Tropes by a deed which transferred the lot subject to the easement which benefitted the owners of "Lot B."

The Tropes built a home on the property, cantilevering part of the structure over a portion of the easement. In addition, landscaping of that part of the easement raised its elevation to a substantially higher level than existed prior to the construction of the Tropes' house. This and the overhanging structure impeded plaintiffs' vehicular access to that portion of the easement for parking.

Plaintiffs filed suit seeking to enjoin the Tropes from interfering with their use of the easement. After a bench trial, the court concluded, based on its findings of fact, that the easement was valid and that the description of plaintiffs' property as "Lot B" sufficiently provided notice to the Tropes of the location of the dominant tenement. The trial court ordered the Tropes to restore the elevation and grade of the easement, at their own expense, and to provide a useful surface for parking over the entire area of the easement. The court also permanently enjoined the Tropes from using the easement in any way which would impede or interfere with the plaintiffs' rights to park and to do incidental repairs and maintenance, including the clearing and stacking of snow within the boundaries of the easement. The court ruled that the Tropes could "use the air space above the easement only to the extent there is no interference with plaintiffs' rights reserved by the easement." This appeal followed.

I.

The Tropes contend that, because the reservation failed to identify the dominant tenement with reasonable certainty, the trial court erred in concluding that the easement reserved to the plaintiffs was valid. Specifi-

cally, the Tropes argue that since the reservation inaccurately described the dominant tenement as "Lot B," a lot contained on an unrecorded plat, the reservation was void and, therefore, did not provide notice to them of the easement which burdened their property. We disagree.

 No particular words are necessary for the grant of an easement, but the instrument must identify with reasonable certainty the easement created and the dominant and servient tenements. Words which clearly show the intention to give an easement are adequate to demonstrate its creation, provided the language in the instrument is sufficiently definite and certain in its terms. *Dunlap Investors Ltd., v. Hogan,* 133 Ariz. 130, 650 P.2d 432 (1982); *see 7 Thompson on Real Property* § 60.03(a)(7) (Perm. ed. 1994). The writing must contain a description of the land that is to be subjected to the easement with sufficient clarity to locate it with reasonable certainty. *Germany v. Murdock,* 99 N.M. 679, 662 P.2d 1346 (1983); *see 25 Am. Jur.2d Easements* § 20 (1966).

The issue whether an easement is invalid for failure to describe accurately the dominant tenement when the servient tenement and the easement are described accurately and specifically has not been directly addressed by our courts.

However, a similar issue was presented in *Isenberg v. Woitchek,* 144 Colo. 394, 356 P.2d 904 (1960). There, the plaintiff contended that, although the dominant and servient tenements were described, no easement was granted because the location of the easement was inadequately described in the deed. The court rejected plaintiff's contention, stating that lack of a specific description of the location of the easement did not affect the validity of the easement, particularly when the conduct of the parties had over a period of time located it.

 The inaccurate description of the dominant tenement as "Lot B" is a less significant deficiency than the one at issue in *Isenberg.* Here, the deed stated, in accurate detail, the size, dimensions, type of use, and location of the easement on the servient tenement, as well as the precise legal description of the servient property. The only deficiency in the reservation was the inaccurate legal description of the lot owned by the holder of the easement.

Cases from other jurisdictions have held that, if the servient tenement is described with reasonable certainty, then the easement is not void for vagueness. *See Germany v. Murdock, supra; Allen v. Duvall,* 311 N.C. 245, 316 S.E.2d 267 (1984); *Garza v. Grayson,* 255 Or. 413, 467 P.2d 960 (1970). *But see Oakes v. Hattabaugh,* 631 N.E.2d 949 (Ind.Dist.Ct.App.1994); *Maywood Proviso State Bank v. Village of Lisle,* 234 Ill.App.3d 206, 174 Ill.Dec. 697, 599 N.E.2d 481 (1992).

We find most persuasive those cases which hold that an easement is valid provided the servient tenement is accurately identified. Here, the language of the reservation accurately and specifically described the servient tenement as "Lot 7, Block 1, Vail Village, Eighth Filing" and located the easement in a specific sixty-foot by twenty-foot area on that lot. Thus, we reject the Tropes' contention that the easement is void simply because the deed inaccurately described the dominant tenement as "Lot B."

 The purchaser of a servient tenement, with actual or constructive notice that it is burdened with an easement in favor of other property, ordinarily takes the estate subject to the easement. *Bear v. Bear,* 151 Colo. 188, 377 P.2d 538 (1962). Unless otherwise provided by statute, a purchaser has notice of, and is bound by, recitals in conveyances or other instruments of transfer in the chain of title. *Page v. Fees–Krey, Inc.,* 617 P.2d 1188 (Colo.1980).

 Actual and inquiry notice involve questions of fact. *Everett v. Todd,* 19 Colo. 322, 35 P. 544 (1894); *Adelson v. Board of County Commissioners,* 875 P.2d 1387 (Colo. App.1993). Findings made by a trial court as to such matters, therefore, will not be overturned if there is a basis in the record to support them. *Peterson v. Ground Water Commission,* 195 Colo. 508, 579 P.2d 629 (1978).

 Here, the trial court found that the scope, character, and purpose of the easement were described with reasonable certainty by the written reservation. This supports

the trial court's conclusion that the easement language in the deed provided the Tropes actual notice of the easement burdening the servient tenement at the time of purchase.

## II.

The Tropes assert that the trial court erred in holding that the plaintiffs' rights to use the easement were superior to those of the Tropes. They argue that the express language of the reservation in the deed reverses the usual relationships of the parties and gives them a superior right to use and develop their property, unimpeded by the plaintiffs' use of the easement. We reject this argument.

■ Unless the grant conveying an easement specifically characterizes the easement as "exclusive," the grantor of the easement retains the right to use the property in common with the grantee. *Barnard v. Gaumer,* 146 Colo. 409, 361 P.2d 778 (1961); *Bergen Ditch & Reservoir Co. v. Barnes,* 683 P.2d 365 (Colo.App.1984).

■ Whenever there is ownership of property subject to an easement, there is a dichotomy of interests, both of which must be respected, and which must be kept, as nearly as possible, in balance. *Osborn & Caywood Ditch Co. v. Green,* 673 P.2d 380 (Colo.App. 1983).

However, "the owner of the land burdened by an easement ... must not unreasonably interfere with the superior right-of-way of the person possessing the easement." *Osborn & Caywood Ditch Co. v. Green, supra,* at 383. *See* Restatement of Property § 486 (1944) (the possessor of land subject to an easement created by conveyance is privileged to make such uses of the servient tenement as are not inconsistent with the provisions of the creating conveyance); *see also Bijou Irrigation District v. Empire Club,* 804 P.2d 175 (Colo.1991), *cert. denied,* 500 U.S. 918, 111 S.Ct. 2017, 114 L.Ed.2d 104 (1991); *Pickens v. Kemper,* 847 P.2d 648 (Colo.App.1993).

Viewing the situation here in the light of these legal principles, we agree with the trial court that, under the language of the deed, the easement reserved to the plaintiffs was non-exclusive; thus, the Tropes retained the right to use the easement in common with the plaintiffs.

■ The reservation states that the easement "shall not be exercised so as to create a nuisance or otherwise interfere with the development and use" of the Tropes' property. The Tropes argue that this language militates against application of the rule announced in *Osborn & Caywood Ditch Co. v. Green, supra,* and *Bijou Irrigation District v. Empire Club, supra,* by reversing the usual relationship between the owners of the dominant and servient tenements. Contrary to their argument, this language does not give them superior rights to use the easement irrespective of the effect on the plaintiffs' use.

In construing a deed, the preferred construction is that which renders all provisions of the instrument operative and effective and which carries out the intentions of the parties. *First National Bank v. Allard,* 31 Colo.App. 391, 506 P.2d 405 (1972), *aff'd,* 182 Colo. 297, 513 P.2d 455 (1973).

Here, the intent of the parties, as manifested by the deed, was to convey Lot 7, Block 1 subject to an easement, by which plaintiffs and the Tropes would have coexisting rights of use. Adoption of the construction urged by the Tropes would result in permanent deprivation of plaintiffs' use of nearly one-third of the easement area. Such a construction violates the intentions of the parties, as evidenced by the deed, and renders ineffective the provision which granted to plaintiffs a parking easement over a sixty by twenty foot area on the Tropes' property.

Under these circumstances, we agree with the trial court that the Tropes' use of the easement unreasonably and substantially interfered with plaintiffs' right to use the easement for parking. Therefore, the court properly ordered the Tropes to restore the obstructed portion of the easement to a usable surface for parking and to refrain permanently from interfering with plaintiffs' legitimate use of the easement.

The judgment is affirmed.

NEY and DAVIDSON, JJ., concur.