Richard STEVENS; M.T. Notestine; Karen J. Notestine, n/k/a Karen J. Gulkin; T.D. Notestine; and R.T. Notestine, Plaintiffs–Appellees,

v.

Robert D. MANNIX and Frances K. Mannix, Defendants– Appellants.

No. 02CA1809.

Colorado Court of Appeals, Div. III.

Aug. 14, 2003.

Bratton & McClow, LLC, John H. McClow, Kathleen L. Fogo, Gunnison, Colorado, for Plaintiffs–Appellees.

Robert D. Mannix and Frances K. Mannix, Pro Se.

Opinion by Judge DAILEY.

In this action to have easements declared invalid, defendants, Robert D. Mannix and Frances K. Mannix, appeal from the trial court's judgment quieting title in plaintiffs, Richard Stevens, M.T. Notestine, Karen J. Notestine, T.D. Notestine, and R.T. Notestine. We reverse and remand for further proceedings.

The case concerns real property referred to as sites 16, 17, and 18. Condominium complexes exist on portions of sites 16 and 18. Defendants own a condominium unit on site 18; plaintiffs own undeveloped property on sites 17 and 18.

The property is subject to several recorded agreements executed by the parties' predecessors in title. A cross-easement agreement, dated March 25, 1981, provided for the coordinated development of sites 16, 17, and 18, and, as pertinent here, easements for ingress and egress to the property. Another agreement, dated July 10, 1981, required that all development of site 17 comply with the cross-easement agreement.

No attempt was made to build walkways or roadways or to otherwise fix the location of the ingress and egress easements on the property.

Plaintiffs brought this C.R.C.P. 105 action to have those easements declared invalid. They moved for summary judgment, arguing that: (1) the agreements and the easements purportedly created thereunder had been abandoned by the property owners; (2) the agreements constituted unreasonable restraints on the right to alienate property; and (3) the agreements inadequately described the location of the easements.

The trial court rejected the first two arguments, finding that material issues of fact existed. It granted summary judgment in favor of plaintiffs, however, on the basis of the third argument, finding that the easements were void or voidable because the agreements failed to describe their size, dimension, or location, other than to refer to their "proposed (subject to change)" location on a site plan. Based on this ruling, the trial court entered judgment quieting title in plaintiffs.

On appeal, defendants contend that the trial court erred in concluding that the easements were void and unenforceable as a matter of law. We agree.

We review de novo the trial court's summary judgment ruling. *Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.*, 901 P.2d 1251, 1256 (Colo.1995). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions in the record establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *see Vigil v. Franklin*, — P.3d —, —, 2003 WL 21197301 (Colo.App. No. 01CA2172, May 22, 2003).

On the issues presented on appeal, the material facts are undisputed; thus, the question is one of law. *See City & County of Denver v. Fey Concert Co.*, 960 P.2d 657, 661 (Colo.1998).

An easement is a right conferred by grant authorizing one to do or maintain something on the land of another that, although a benefit to the land of the former, may be a burden on the land of the latter. *Lazy Dog Ranch v. Telluray Ranch Corp.*, 965 P.2d 1229, 1234 (Colo.1998).

No particular words are necessary to grant an easement, and a lack of specificity in describing an easement's location will ordinarily not invalidate it. *See Isenberg v. Woitchek*, 144 Colo. 394, 400, 356 P.2d 904, 907 (1960).

Words which clearly show the intention to give an easement are adequate to demonstrate its creation, provided the language in the instrument is sufficiently definite and certain in its terms. The writing must contain a description of the land that is to be subjected to the easement with sufficient clarity to locate it with reasonable certainty.

*Hornsilver Circle, Ltd. v. Trope,* 904 P.2d 1353, 1356 (Colo.App.1995) (citations omitted).

■ If a valid easement is granted without fixing in writing its location, the location may be determined based on the conduct of the parties. *See Isenberg v. Woitchek, supra,* 144 Colo. at 400, 356 P.2d at 907.

■ Alternatively, the parties may mutually agree on the location of the easement; otherwise, its location will be determined by a court. *E.g., Maddox v. Katzman,* 332 N.W.2d 347, 352 (Iowa Ct.App.1982)(quoting 25 Am.Jur.2d *Easements and Licenses* § 68 (1966): "Where the grant of an easement does not definitely locate it, and neither the servient nor the dominant owner locates it and they cannot agree on a location, a court of equity may determine its location."); *Cheever v. Graves,* 32 Mass.App.Ct. 601, 605–06, 592 N.E.2d 758, 761 (1992)("[T]he parties are free to locate a previously undefined right of access, or in the absence of agreement by the parties as to its location a court may fix the bounds of a right of way not located by the instrument creating it."); *Graves v. Gerber,* 208 Neb. 209, 214, 302 N.W.2d 717, 720 (1981)("Under certain circumstances, a court of equity may fix the location of a way which the grant does not specifically describe.").

Here, the cross-easement agreement reflects an unequivocal intent to create ingress and egress easements "over and across such portions of the Property designated on the Site Plan." The site plan attached to the cross-agreement depicts the property mutually benefited and burdened by the easements.

Because these documents reasonably designate the land burdened by the easements, we conclude that the easements were not, as a matter of law, invalid because of vagueness. *See Hornsilver Circle, Ltd. v. Trope, supra,* 904 P.2d at 1356 ("an easement is valid provided the servient tenement is accurately identified"); *see also Howard v. Cramlet,* 56 Ark.App. 171, 174, 939 S.W.2d 858, 859 (1997)("It is not essential to the validity of the grant of an easement that it be described by metes and bounds or by figures giving definite dimensions of the easement."); *Loumar Dev. Co. v. Redel,* 369 S.W.2d 252, 255–56 (Mo.1963)(rejecting contention that no easement existed because deeds described easement for a "proposed" road).

Accordingly, the trial court erred in granting summary judgment based on vagueness, and further proceedings are required to resolve plaintiffs' claims. If, on remand, the easements are not determined to be otherwise unenforceable or invalid, their location will need to be fixed by the agreement of the parties or, if necessary, by the court.

The judgment is reversed, and the case is remanded for further proceedings.

Judge MARQUEZ and Judge ROY concur.