No. 21744.

THE TITLE GUARANTY COMPANY, A COLORADO CORPORATION, AS TRUSTEE UNDER TRUST NO. 166720, HIMMEL ENGINEERING COMPANY AND EUGENE GUSTAFSON *v.* HAROLD F. HARMER, DEL L. HARMER, AND GERTRUDE M. HARMER.
(430 P.2d 78)

Decided July 17, 1967.     Rehearing denied August 21, 1967.

Samuel Berman, for plaintiffs in error.

Albert B. Dawkins, Charles D. Montfort, for defendants in error.

*In Department.*

Opinion by Mr. Chief Justice Moore.

THE parties will be referred to by name or as they appeared in the trial court where plaintiffs in error were defendants and defendants in error were plaintiffs.

In their complaint the Harmers sought injunctive relief against the defendants to prevent them from erecting a fence along the boundary line of real property owned by the defendants. The fence would prevent the plaintiffs from making use of a roadway on defendants' property, which plaintiffs had been using for the purposes of ingress and egress to and from a business property which they conducted. Plaintiffs' property abutted on the north of the defendants' real estate.

The plaintiffs (Harmers) alleged that they were entitled to make use of the roadway which was about twenty-five feet in width extending in an easterly direction from Wadsworth avenue. The basis of the claimed right to make use of the defendants' property was variously described as a certain "prescriptive easement" or "implied easement by pre-existing use" or "implied easement by way of necessity" or as an "access road." The strip of land provides ingress and egress from Wadsworth avenue to a supermarket operated under the name of "Miller's" on property abutting the defendants' property on the east.

In their answer defendants admitted the allegations of plaintiffs' complaint relating to ownership of the fee in the real estate over which the strip of roadway passed; the defendants further admitted that they intended to build a fence along the north boundary thereof, and alleged that the plaintiffs had acquired no rights to any easement over the strip, and that they were not entitled to injunctive relief. Following a hearing the trial court granted a temporary injunction, the effect of which was to prevent the erection of the fence which the defendants intended to build.

There is not the slightest evidence in the record before this court which warrants the granting of injunctive relief. The defendants own the fee title

to the real estate in dispute. There is no evidence whatever that any rights to make use of the roadway have been acquired by the plaintiffs by adverse user, or by prescription.

The sole contention made by the Harmers is that, because the defendants or their predecessors in interest had granted an easement over the disputed strip to the corporate interests operating Miller's supermarket on property extending east from the eastern boundary of defendants' land, in some way the Harmers acquired rights in the property owned by the defendants, notwithstanding that they were in no way a party to any transaction resulting in the granting of an easement to third parties for a specified use.

■ No persons to whom the defendants or their predecessors in title had granted an easement are objecting to the erection of the fence. The proposed fence will in no manner interfere with the full enjoyment of all rights created by the easement by those entitled by the grant to the exercise thereof. Strangers to the instrument creating an easement over real estate for a specific purpose cannot interfere with the right of the owner of the land to exercise full dominion over his property. By granting to the supermarket an easement for its specific use as an access road to and from Wadsworth avenue no rights whatever were conveyed to the neighbors of the defendants to the north.

■■ The defendants have a legal right to build the proposed fence. Only those to whom the easement was granted, or their successors in interest, can complain against the defendants with relation thereto; and then only if the purposes intended to be served by the granting of the easement are being adversely affected. Upon so basic a proposition as the above no citation of authority is needed.

The judgment is reversed with directions to vacate the injunction and dismiss the action.

Mr. Justice Hodges and Mr. Justice Kelley concur.