Gabrielli, J.
In this action, for declaratory relief, somewhat unusual in nature, plaintiffs seek to establish that an easement and right of way over a private road, appurtenant to a particular parcel of land owned by them, may also be enjoyed by two contiguous parcels of land which they subsequently purchased and to which the easement is not appurtenant.
Plaintiffs own a parcel of land abutting Palmer Lane West *30 located in the Town of Mount Pleasant in Westchester County and designated as lot 16B-13 which their predecessor in title purchased from one Alice Gulesian. This parcel enjoyed an easement and right of way over Palmer Lane West, a private road, in common with certain other parcels of land appurtenant to that road and now owned by defendants. This easement was granted to each of the parties or their predecessors in title by Alice Gulesian, their common grantor, when she conveyed to them the afore-mentioned parcels of land. Plaintiffs are also the owners of two other parcels of property, designated as lots 16B-2 and 16C-1 which plaintiffs purchased from other parties subsequent to the purchase of lot 16B-13. The subsequently purchased parcels did not abut Palmer Lane West but enjoyed a right of way over other properties to Virginia Lane, a public highway, which right of way was expressly relinquished by plaintiffs when title was conveyed.
Plaintiffs and defendants are also tenants in common of Palmer Lane West, they or their predecessors having received title from Alice Gulesian. The deed conveying these joint interests contained the following restriction: "The grantees herein do, for themselves, their heirs, assigns and successors [plaintiffs and defendants], agree and covenant with each other that the easement right of each in and over the right of way granted to each of them or their predecessors in the premises herein granted shall remain in full force and effect, and that the easement right of each party is not hereby abrogated, enlarged or restricted” (emphasis added). As indicated, an easement and right of way over Palmer Lane West had previously been granted to each of the parties or their predecessors in title by Alice Gulesian, their common grantor. This easement was not extinguished but remained in "full force” by virtue of the recitation and grant in the deed conveying the tenancy in common in Palmer Lane West, and, by its express language, could not be enlarged. The easement was appurtenant to the property conveyed by Alice Gulesian to the parties or their predecessors in title. Plaintiffs did not obtain title to lots 16B-2 and 16C-1 from Gulesian, nor does the record indicate that their predecessors in title did. These parcels did not independently enjoy an easement or right of way over Palmer Lane West, and in fact, did not abut that street. Thus, the easement benefited only lot 16B-13, the property in connection with which the easement was granted.
The subsequent conveyance of a tenancy in common in *31 Palmer Lane West to plaintiffs’ predecessor specifically limited each party’s rights in Palmer Lane to those enjoyed pursuant to the original easement. Property purchased subsequent to the creation of that easement, and the conveyance of the joint interest in Palmer Lane West, could not therefore impose a new and greater burden on the original easement. It has long been the rule that "the owner of the dominant tenement may not subject the servient tenement to servitude or use in connection with other premises to which the easement is not appurtenant (Williams v. James, L.R. 2 C.P. 577)” (McCullough v Broad Exch. Co., 101 App Div 566, 572, affd 184 NY 592; accord Wilson v Ford, 209 NY 186; 3 Powell, Real Property, § 418, p 526.3). The two additional parcels purchased by plaintiffs were not part of the original dominant tenement and thus could not benefit from the easement appurtenant to that property.
Furthermore, plaintiffs’ tenancy in common in Palmer Lane West does not confer upon them the right to create a new easement for the benefit of property to which the original easement was not appurtenant. It is an equally well-established rule that an owner may not unilaterally, and without the consent of the other owners, subject property held in common to an easement in favor of other property either owned by him alone or third parties (Wilson v Ford, supra, pp 197-198; Palmer v Palmer, 150 NY 139, 149; Crippen v Morss, 49 NY 63, 68; 2 Warren’s Weed New York Real Property, Easements, § 17.01).
We note finally that subdivision 1 of section 5-703 of the General Obligations Law, which is concerned with the creation of interests in real property, is not applicable in this case where we are dealing with a restriction on the use of property. Hence, it was not necessary for plaintiffs or their predecessors in title to have signed the deed conveying the joint interests in Palmer Lane West in order for the restriction on the enlargement of the easement to be binding upon them, since "The grantee having accepted the deed and taken possession under it is bound by the convenants therein contained as effectually as if he had signed them” (1A Warren’s Weed New York Real Property, Deeds, § 13.29; cf. Vogeler v Alwyn Improvement Corp., 247 NY 131, 135).
The order of the Appellate Division should be affirmed, with costs.
*32 Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.