[640 NYS2d 664]

MARY P. RACE et al., Appellants, v ALEXANDER MEYER, Individually and Doing Business as ALEXANDER'S INN, Respondent.

Third Department, April 11, 1996

APPEARANCES OF COUNSEL

*M. Suzanne McMahon,* Johnson City *(Edward J. Kelley* of counsel), for appellants.

*Richard J. Grace,* Binghamton, for respondent.

## OPINION OF THE COURT

CASEY, J.

This appeal arises out of the parties' dispute over the use of a parcel of lakefront property in the Town of Sanford, Broome County. The parties, either individually or jointly with one other party, are the owners of five contiguous parcels of improved property which have no lake frontage themselves. They do, however, abut the unimproved lakefront parcel. Each of the deeds to the five improved parcels includes a grant of a one-fifth interest in the lakefront parcel, "[t]ogether with all the same fractional interest in all of the right, title and interest of the [grantor] in and to Oquaga Lake". The parties agree that the purpose of the conveyances was to provide access to the lake.

When defendant purchased one of the five improved parcels and thereby acquired his one-fifth interest in the lakefront parcel, he owned a nearby residence which he operated as a bed and breakfast inn. After the purchase, defendant permitted the guests at his inn to use the lakefront parcel. The guests

apparently obtained access to the lakefront parcel through the improved parcel owned by defendant.

Claiming that the use of the lakefront parcel by the guests of defendant's inn exceeded the rights acquired by defendant when he purchased the improved parcel and the one-fifth interest in the lakefront parcel, plaintiffs commenced this action for a permanent injunction. After a trial, Supreme Court found insufficient evidence to demonstrate that defendant's use of the property interfered with plaintiffs' use of the property, and the complaint was dismissed. Supreme Court also granted defendant's motion for counsel fees and expenses pursuant to 22 NYCRR 130-1.1 (a). Plaintiffs appeal, contending that Supreme Court erred in dismissing their complaint and in awarding counsel fees and expenses to defendant.

Our analysis begins by examining the parties' interest in the lakefront parcel. Plaintiffs claim that each owner of the five improved parcels has an easement over the lakefront property, to provide access to the lake, and that the easement is appurtenant to the improved parcels. There is no evidence in the record to support plaintiffs' claim. "A grant * * * of real property passes all the * * * interest of the grantor * * * unless the intent to pass a less * * * interest appears by the express terms of such grant * * * or by necessary implication therefrom" (Real Property Law § 245). There is no evidence in the record that the original common grantor of the parcels had any interest other than fee simple absolute. Nor is there anything to suggest that the original conveyance or any subsequent conveyance was intended to pass a lesser interest than all of the interest of the grantor. Accordingly, we conclude that each owner of the five improved parcels is also an owner of the lakefront parcel. As a result, the parties are tenants in common of the lakefront parcel (*see*, EPTL 6-2.2 [a]), with each owner having a one-fifth undivided interest (*see, Taylor v Millard*, 118 NY 244, 249-250). It follows, therefore, that the relevant principles which govern the parties' rights are those applicable to a tenancy in common, not those that apply to an easement appurtenant.

With one exception, the deeds by which the parties acquired their interests in the various parcels, including the lakefront parcel, contain no restrictions regarding the use of any of the

parcels.* As a tenant in common of the lakefront parcel, each owner has the right to use and occupy the premises, so long as he or she does not exclude the other cotenants from the exercise of similar rights (*see, Jemzura v Jemzura*, 36 NY2d 496, 503). Supreme Court found plaintiffs' evidence insufficient to demonstrate that defendant's use of the lakefront parcel for the guests of his inn actually interfered with plaintiffs' use of the premises, a finding that plaintiffs do not dispute.

Plaintiffs rely on *Mancini v Bard* (42 NY2d 28), wherein the Court of Appeals held that an easement and right-of-way over a private road, appurtenant to a particular parcel of land owned by some of the parties, could not also be enjoyed by two contiguous parcels of land which they subsequently purchased and to which the easement is not appurtenant. In so holding, the Court cited to "the rule that 'the owner of the dominant tenement may not subject the servient tenement to servitude or use in connection with other premises to which the easement is not appurtenant' " (*supra*, at 31, quoting *McCullough v Broad Exch. Co.*, 101 App Div 566, 572, *affd* 184 NY 592). As previously noted, however, the parties in this case are fee owners of the lakefront property, as tenants in common. There is no dominant tenement and no servient tenement. Accordingly, the rule set forth above is inapplicable.

We note that in addition to having an easement in the private road, the parties in *Mancini v Bard* (*supra*) were also tenants in common of the private road. The Court of Appeals holding was based upon the rule applicable to easements because the conveyances by which the parties' predecessors in title acquired a tenancy in common in the private road specifically limited the parties' rights in the private road to those enjoyed pursuant to the original easement. The Court did, however, cite to the "equally well-established rule that an owner may not unilaterally, and without the consent of the other owners, subject property held in common to an easement in favor of other property either owned by him alone or third parties" (*supra*, at 31).

Plaintiffs contend that defendant violated this rule, but there is no evidence in the record that defendant has subjected the lakefront property to an easement in favor of the property

---

* The deed of plaintiffs Patricia McDonough and Paul McDonough provides that "[i]t is expressly understood and agreed that the [lakefront parcel] is to be used only for the purpose of a beach and dock and the interest of the grantees shall be transferred only with a transfer of the [improved] property".

on which his inn is located. That defendant permits the guests who stay at his inn to use the lakefront parcel does not demonstrate the creation of an easement. "An easement always implies an interest in the land in and over which it is to be enjoyed, whereas a license merely confers a personal privilege to do some act or acts on the land without possessing any interest therein" (*Todd v Krolick*, 96 AD2d 695, 696, *affd* 62 NY2d 836). As a tenant in common of the lakefront parcel, defendant's right to use and occupy the premises clearly includes the right to grant a license to his guests to use the premises. In the absence of any restriction on the use of the lakefront parcel in defendant's chain of title, the only limitation on defendant's right is that his use of the premises, including the use by his guests, cannot interfere with the rights of his cotenants to use and occupy the premises. We conclude, therefore, that Supreme Court correctly dismissed plaintiffs' complaint.

■ Turning to the award of counsel fees and expenses, 22 NYCRR 130-1.1 authorizes such an award for frivolous conduct. There is nothing in the record to suggest that plaintiffs engaged in conduct "primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). It is apparent that plaintiffs' primary purpose was to protect their own property interests. Nor do we agree with Supreme Court's conclusion that this action was completely without merit, within the meaning of 22 NYCRR 130-1.1 (c) (1). In opposing defendant's initial motion for summary judgment, plaintiffs apparently proceeded on the theory that defendant's use of the lakefront parcel interfered with the exercise of plaintiffs' rights in the parcel, and Supreme Court apparently found their allegations sufficient to require a trial. At trial, plaintiffs relied on a different theory, claiming that pursuant to the principles set forth in *Mancini v Bard* (42 NY2d 28, *supra*), defendant's interest in the lakefront parcel did not give him the right to use that parcel in connection with his bed and breakfast inn. We rejected the claim because plaintiffs' perception of defendant's interest in the lakefront parcel as an easement appurtenant to his contiguous improved parcel was incorrect, and because the principles set forth in *Mancini v Bard* (*supra*) did not preclude defendant from permitting guests to use the lakefront parcel as licensees. To the extent that plaintiffs' conduct is attributable to legal error, it is not frivolous within the meaning of 22 NYCRR 130-1.1 (c) (1) (*see, Golden v Barker*, — AD2d —, 1996 NY Slip Op 00251 [3d Dept, Jan 4, 1996]). It cannot be said that plaintiffs had no

legal basis for their pursuit of this action (*see, Marine Midland Bank v Vivlamore*, 185 AD2d 506, 508; *see also, Matter of Schulz v Washington County*, 157 AD2d 948, 949).

CARDONA, P. J., MERCURE, WHITE and SPAIN, JJ., concur.

Ordered that the order and judgment entered June 23, 1995 is affirmed, without costs.

Ordered that the order entered July 26, 1995 is reversed, on the law and the facts, without costs, and motion denied.