**Bruce RIDDELL; Martha A. Riddell; Norval Parsell; and Nancy Parsell, Plaintiffs–Appellees,**

v.

**Jonathan J. EWELL, d/b/a Ewell Construction, Defendant– Appellant.**

No. 96CA0196.

Colorado Court of Appeals, Div. II.

Nov. 7, 1996.

No Appearance for Plaintiffs–Appellees.

James L. Merrill, Attorneys at Law, James L. Merrill, Stephen D. Harris, Colorado Springs, for Defendant–Appellant.

Opinion by Judge KAPELKE.

In this action concerning the extent and scope of a right-of-way easement created by an express grant, defendant, Jonathan J. Ewell, d/b/a Ewell Construction, appeals from the trial court's judgment in favor of plaintiffs, Bruce and Martha A. Riddell and Nancy and Norval Parsell, entered upon remand from this court. We reverse and remand for further proceedings.

Ewell and the Parsells own property adjacent to one another. An easement for ingress and egress to the property owned by the Riddells extends for a distance of 10 feet on either side of the common boundary between Ewell's and the Parsells' properties and continues on the property owned by the Parsells.

The Riddells' predecessor in interest constructed a 10–foot wide asphalt driveway on the easement. Both Ewell and the Parsells also used this driveway as the only means of access to their properties.

After the Riddells purchased their property, they sought to remove the existing driveway, regrade portions of the easement, and put in a new driveway to the full extent of the easement. Ewell contended that the Riddells did not have a right to reconfigure the driveway, and plaintiffs filed this action seeking declaratory and injunctive relief.

After a hearing, the trial court ruled that the Riddells could not widen the driveway because it would unreasonably interfere with Ewell's use of his home. Plaintiffs appealed and a division of this court reversed, holding that the Riddells had "the right to unobstructed use of the entire easement." *Riddell v. Ewell,* (Colo.App. No. 93CA0564, April 7, 1994) (not selected for official publication) (*Riddell I* ).

Upon remand, the trial court, in a series of orders, ruled that the Riddells were entitled to regrade the easement, that they could place ·a curb along the driveway on defendant's side of the easement, and that the Parsells may use the entire easement pursuant to an oral license granted by the Riddells. Ewell appeals from those determinations.

I.

Ewell first contends that the trial court erred in ruling that the Riddells were entitled to regrade the easement and to place a curb along the reconstructed driveway on his side of the easement. We conclude that further proceedings are necessary.

Whenever there is ownership of property subject to an easement, there is a dichotomy of interests, both of which must be respected and kept in balance as nearly as possible. *Hornsilver Circle, Ltd. v. Trope,* 904 P.2d 1353 (Colo.App.1995).

On one hand, as noted by the *Riddell I* court, if the width, length, and location of an easement for ingress and egress have been specifically and definitely set forth in the grant, the owner of an easement has the right to unobstructed passage over the entire area described in the grant. *See Pickens v. Kemper,* 847 P.2d 648 (Colo.App.1993). In addition, the owner of an easement may do whatever is reasonably necessary to permit

its full use and enjoyment. This may include, under certain circumstances, regrading the easement. *See Bors v. McGowan,* 159 Neb. 790, 68 N.W.2d 596 (1955); *Hughes v. Boyer,* 5 Wash.2d 81, 104 P.2d 760 (1940).

On the other hand, the owner of the servient estate continues to enjoy all the rights and benefits of ownership "consistent with the burden of the easement." *Barnard v. Gaumer,* 146 Colo. 409, 412, 361 P.2d 778, 780 (1961). Thus, in the absence of a showing that a grant of an easement for road purposes was exclusive in nature, the grantor, his assignees, licensees, and invitees have the right to use the road in common with the grantee. *Barnard v. Gaumer, supra; Bergen Ditch & Reservoir Co. v. Barnes,* 683 P.2d 365 (Colo.App.1984).

Moreover, the easement owner cannot expand the extent or scope of the easement as defined in the grant. *Lazy Dog Ranch v. Telluray Ranch Corp.,* 923 P.2d 313 (Colo.App.1996). Improvements to the easement constructed by the owner of the dominant estate must not unreasonably increase the burden on the servient estate and must have been reasonably foreseeable by the parties at the time the easement was established. 2 D. Thomas, *Thompson on Real Property* § 60.06(a) (1994).

In determining whether the Riddells had the right to regrade the easement, the trial court, relying on *Riddell I,* found that: "If the regrading of the easement means that the garage cannot be used by Ewell said regrading is nevertheless approved." The court, however, went on to find that: "Regrading or repaving the entire easement is not an unreasonable burden on [Ewell]." The court also concluded that the Riddells "may place a curb in front of Ewell's personal driveway."

The parties did not dispute that Ewell had the right to use that portion of the easement located on his property. From the record, it appears that some of the improvements the Riddells constructed on the easement—in particular, the curb across Ewell's driveway—may effectively prevent Ewell from using the portion of the easement located on his property to gain access to his garage. Such a blockage of access would impermissibly expand the scope of the Riddells' easement beyond that defined in the grant. *Lazy Dog Ranch v. Telluray Ranch Corp., supra.* Moreover, nothing in the present record indicates that such a blockage was contemplated by, or foreseeable to, the parties to the original grant.

We conclude that the trial court did not adequately consider the effect of the Riddells' activities on Ewell's rights as holder of the servient estate. Hence, the matter must be remanded for a determination of whether the improvements have the effect of upsetting the balance between the rights of the dominant and servient estates by preventing Ewell from gaining access to his property. *See Hornsilver Circle, Ltd., v. Trope, supra.*

This result is not inconsistent with the holding in *Riddell I.* There, a division of this court determined only that, because the Riddells' easement was created pursuant to an express grant, the Riddells were entitled to widen the driveway to the extent allowed by the grant, without having to show that the widening was reasonably necessary. The court did not hold that the Riddells could construct improvements on the easement property without regard to their impact on Ewell's rights of access to his own property.

## II.

Ewell also contends that the trial court erred in finding that the Parsells could use the entire easement to gain access to their property pursuant to an oral license granted by the Riddells. We agree.

The general rule is that an easement can be used only in connection with the estate to which it is appurtenant and cannot be extended by the dominant estate owner to property owned by others unless so provided in the instrument by which the easement is created. "Strangers to the instrument creating an easement ... cannot interfere with the right of the owner of the land to exercise full dominion over his property." *Title Guaranty Co. v. Harmer,* 163 Colo. 278, 430 P.2d 78 (1967). *See also Jordan v. Rash,* 745 S.W.2d 549 (Tex.App.1988); *Mancini v. Bard,* 42 N.Y.2d 28, 364 N.E.2d 1313, 396 N.Y.S.2d 621 (1977); 7 D. Thomas, *Thompson on Real Property, supra,* § 60.04(a)(1)(ii); *but see Abbott v. Nampa School District No. 131,* 119 Idaho 544, 808

P.2d 1289 (1991) (easement holder may grant a license to a third party so long as the licensed use is consistent with the easement and does not unreasonably burden the servient estate).

Here, the instrument granting the easement does not give the holder of the easement any right to license its use by other property owners. Thus, absent Ewell's consent, the Parsells have no right to use that part of the easement located on Ewell's property.

We therefore conclude that the trial court erred in determining that the Parsells had the right to use the entire easement.

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

STERNBERG, C.J., and CRISWELL, J., concur.