**LAZY DOG RANCH, a New Jersey partnership, Plaintiff–Appellant,**

v.

**TELLURAY RANCH CORPORATION, a Colorado corporation, Charles Ergen and Dan Levere, Defendants–Appellees.**

No. 95CA1850.

Colorado Court of Appeals,
Div. I.

May 15, 1997.

Rehearing Denied June 12, 1997.

Certiorari Granted Dec. 15, 1997.

Tisdel, Hockersmith & Burns, P.C., Richard P. Tisdel, Robert B. Burns, Ouray, for Plaintiff–Appellant.

Cashen & Cheney, Robert J. Thomas, Montrose, for Defendants–Appellees.

Opinion by Justice ERICKSON.*

In this property easement dispute, plaintiff, Lazy Dog Ranch, appeals from a summary judgment entered in favor of defendants, Telluray Ranch Corporation, Charles Ergen, and Dan Levere. Plaintiff contends that genuine issues of material fact existed regarding the extent of defendants' easement rights. Plaintiff also appeals each and every ruling made by the trial court during the course of this dispute. We affirm.

The parties each own portions of property previously owned as a single parcel by Pleasant Valley Ranch. Plaintiff's predecessor in title purchased land from Pleasant Valley Ranch, which reserved a specifically described sixty-foot easement over a "jeep trail" known as the "Sigafus Cutoff." Defendants subsequently purchased the remaining property from Pleasant Valley Ranch.

This dispute arose from defendants' plan to develop the easement by bulldozing and improving the road, which passed through several residential lots being developed by plaintiff. Plaintiff filed a declaratory judgment action under C.R.C.P. 57, requesting a determination of defendants' rights to access to the easement, and also requesting injunctive relief under C.R.C.P. 65 to keep defendants from proceeding with development of the easement. Defendants filed a motion to dismiss, which the trial court treated as a motion for summary judgment. The court took judicial notice of the evidence and orders from a prior proceeding between the same parties, involving the same property and easement issues relating to installation of cattle guards and gates. *See Lazy Dog Ranch v. Telluray Ranch Corp.,* 923 P.2d 313 (Colo.App.1996) (*Telluray I* ). Based in part on the outcome of that litigation, the trial court granted defendants' motion and this appeal followed.

I.

Plaintiff argues that the trial court erred in granting defendants' motion for summary judgment because genuine issues of material fact existed. We disagree.

Summary judgment is a drastic remedy, which is to be granted only upon a clear showing that there is no genuine issue as to any material fact and a determination that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Jones v. Dressel,* 623 P.2d 370 (Colo.1981).

The original contract of sale contained a non-merger clause, which declared that any terms of the contract (including the easement at issue here) that were not contained in the instruments exchanged at closing would remain fully enforceable and not merge into the deed. *See Telluray I, supra.*

The original contract reservation by defendants' predecessor in title specified a (non-exclusive) "access and utility easement sixty feet in width to Seller's property to the West over and upon all existing roads." The deed itself specified that the transfer "[r]eserv[ed] unto Grantor, its successors and assigns, a

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

non-exclusive right of way, access and utility easement sixty (60) feet in width upon both existing roadways passing through the property above described." The nature, extent, and use of the easement was the subject of the litigation in *Telluray I, supra.*

■ Under the doctrine of collateral estoppel, "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27 (1980); *see, e.g., State Farm Fire & Casualty Co. v. Mason,* 697 P.2d 793 (Colo. App.1984).

■ Here, the trial court, relying on *Telluray I, supra,* and *Pickens v. Kemper,* 847 P.2d 648 (Colo.App.1993), refused to hear plaintiff's request for a declaration of defendants' rights. In *Telluray I,* the court made specific findings, which included the width of the easements granted in the original contract of sale. Thus, in this separate action, collateral estoppel bars plaintiff from again litigating the width of the easement.

In *Pickens v. Kemper, supra,* the court reviewed the terms of an easement, and held that when an easement is described with specificity in the grant, the express terms will control. Here, the defendants were granted an easement sixty feet in width.

Historically, the jeep trail, or "Sigafus Cutoff," was twelve feet wide, but the court allowed defendants to proceed because the easement granted was sixty feet wide. The issue was resolved in *Telluray I, supra,* and the trial court correctly precluded relitigation of the issue.

## II.

The original contract provision reserving the easement also, however, contained the following restriction on the use of the easement:

> Seller shall also have the right but shall not be obligated to maintain the existing roads for the same uses and in the same historical condition as they now are. . . .

This language, plaintiff asserts, created a genuine issue as to the extent of defendants' permission to develop the easement. We are not persuaded.

■ The owner of an easement may do what is reasonably necessary to permit full use of the easement, but cannot expand the scope or extent of the easement. *Osborn & Caywood Ditch Co. v. Green,* 673 P.2d 380 (Colo.App.1983). In addition, improvements to the easement constructed by the owner of the dominant estate must not unreasonably increase the burden on the servient estate and must have been reasonably foreseeable by the parties at the time the easement was established. *See Riddell v. Ewell,* 929 P.2d 30 (Colo.App.1996) (*Riddell II* ) (citing 7 D. Thomas, *Thompson on Real Property* § 60.05(c) (1994)). Here, the improvement of the road was reasonably foreseeable since a sixty-foot right-of-way was granted.

■ Plaintiff contends that an evidentiary hearing was necessary to determine the reasonableness of the defendant's proposed construction of the road under the balancing test set forth in *Osborn & Caywood Ditch Co. v. Green, supra.* However, that balancing test does not apply if the easement was created by a deed that is specific, definite, and permits the use and improvement proposed by the defendant. Thus, the court must in the first instance determine the scope and extent of the easement granted in the deed, and if the proposed use is an expansion of the rights granted, the balancing test set forth in *Osborn* and *Riddell II* would apply. *See Telluray I, supra.*

Here, the right to improve the road was clear from the deed. The defendant sought to construct and improve a thirty-foot road within the sixty-foot easement granted by the deed. In *Riddell II, supra,* 929 P.2d at 32, the court affirmed and approved part of the earlier unpublished opinion in *Riddell v. Ewell,* (Colo.App. No. 93CA0564, April 7, 1994) (not selected for official publication) (*Riddell I* ), stating:

> [In *Riddell I,*] a division of this court determined only that, because the Riddells' easement was created pursuant to an express grant, the Riddells were entitled to

widen the driveway to the extent allowed by the grant, without having to show that the widening was reasonably necessary.

This case does not present a conflict between the holdings in *Osborn* and *Pickens.* Here, the court's order gave Telluray permission to use the sixty-foot easement "without limitation" and "as they see fit." But because the original grant provided for an easement with a width of sixty feet, defendants' reasonable use of the easement does not expand the scope or extent of the easement.

### III.

Plaintiff also asserts that the trial court erred in awarding damages to defendants in the form of attorney fees and damages for loss of use. We disagree.

C.R.C.P. 65(c) imposes two conditions on an enjoined defendant seeking to recover damages on an injunction bond: first, the injunction must have been "wrongful," and second, the defendant must have suffered damages as a result of the issuance of the injunction.

If these conditions are met, the trial court has discretion in deciding whether to assess damages to the prevailing defendant. But, a trial court must presume that a prevailing defendant is entitled to damages on the bond unless there is a good reason for not requiring such payment in a particular case. *City & County of Denver v. Ameritrust Co. National Ass'n,* 832 P.2d 1054 (Colo.App.1992).

Here, the trial court specifically found that the temporary restraining order was wrongful and that, as a result, the defendants suffered damages. The determination whether attorney fees should be awarded and in what amount lies within the discretion of the trial court, and the court's determination will not be disturbed on review absent a clear abuse of discretion. *Little v. Fellman,* 837 P.2d 197 (Colo.App.1991). We see no abuse of discretion here.

The trial court made specific findings regarding defendants' damages for loss of use of a bulldozer, which was purchased exclu-sively for use in improving the easement. Since the findings were supported by competent evidence, they will not be overturned on appeal. *See People in Interest of M.S.H.,* 656 P.2d 1294 (Colo.1983).

### IV.

 Plaintiff raises additional issues which were not presented to the trial court for a ruling. Issues not decided by the trial court may not be addressed for the first time on appeal. *See In re Estate of Stevenson v. Hollywood Bar & Cafe, Inc.,* 832 P.2d 718 (Colo.1992).

The judgment is affirmed.

METZGER and JONES, JJ., concur.