SMITH, Justice,
dissenting:
¶ 20. The easement from First Church of the Nazarene of Vicksburg to Manor Estates dated June 26, 1987, provides that the church grant unto Manor Estates a(l) “non-exclusive easement and right of way, for the (2) use in common with others, (3) including subsequent Grantees of the Grantee herein, for the purpose *919 of ingress and egress to (4) adjacent lands including, but (5) not limited to those now owned by the said Manor Estates, Incorporated, over and across the following described tract or parcel of land .... ” (emphasis added). In my view, the majority errs in concluding that the quoted language did not create an easement appurtenant that defined all adjacent lands as the dominant tenement. Therefore, I respectfully dissent.
¶ 21. The intention of the parties is demonstrated by the clear language of the easement itself. It plainly specifies that it is non-exclusive. That is to say, it is not limited only to Manor Estates, Incorporated and therefore is not private. Moreover, it states that the easement is to be used by Manor Estates in common with others and is thus not limited to Manor Estates. Additionally, the easement specifically provides that the easement can be used in common with subsequent grantees of Man- or Estates, meaning any person or entity to whom Manor Estates conveys such rights. This “grant” can only be of the fifty (50) foot strip since the conveyance contained only one description, that being of the easement itself. The easement does not speak or describe any other parcel of land. Also, the ingress and egress is to adjacent lands, meaning lands adjacent to the easement. Certainly Wisconsin Avenue’s land is adjacent since it directly abuts the easement. Furthermore, the ingress and egress is to adjacent lands, but these adjacent lands are not limited to lands then owned by Manor Estates. From an analysis of the language of the easement, the terminology contained in the easement is directly applicable to the land located directly adjacent and north of the easement formerly owned by Harold M. May and now owned by Properties, Inc.
¶ 22. The majority writes, “Strangers to the instrument creating an easement over real estate for a specific purpose cannot interfere with the right of the owner of the land to exercise full dominion over his property.” Riddell v. Ewell, 929 P.2d SO, 32 (Colo.Ct.App.1996) (quoting Title Guar. Co. v. Harmer, 163 Colo. 278, 281, 430 P.2d 78, 79-80 (1967)). First, it must be noted that the majority relies on case law which is not controlling within this jurisdiction. Indeed, the majority even writes that Mississippi has never addressed this issue. However, even arguing that this state has adopted Riddell, the parties involved cannot be said to be “strangers to the instrument.”
¶ 23. On the very same date as the creation of this easement, the date a previous error in the location of the easement was being corrected, May acquired the property north and adjacent to the easement. May was a stockholder of Wisconsin Avenue Development Corporation when it conveyed the fee parcel to May individually and when Wisconsin Avenue Development Corporation conveyed the easement parcel to Manor Estates. The deed whereby Harold M. May acquired the fee simple title to the property north of the easement was notarized by Charla J. Lyons and the Clerk’s note states the document is to be returned to ‘WBS & B.” The easement grant is likewise notarized by Charla J. Lyons on the same date and is likewise to be returned to WBS & B. WBS & B is Wheeless, Beanland, Shappley & Bailess, attorneys at law.
¶ 24. The conveyances were recorded in the Chancery Clerk’s office at 4:33 and 4:35 on July 8, 1987. The conveyance of the easement in question by Manor Estates to Harold M. May was signed and delivered on July 8,1987.
¶ 25. Obviously, both conveyances were prepared by the same law firm, notarized by the same notary, and were signed, delivered, and recorded on the same date in the Clerk’s office within two (2) minutes of each other. It would be inconceivable to say that they were not prepared in conjunction with each other.
¶ 26. On July 8, 1987, Harold M. May owned both the dominant estate to the north of the easement and also an interest *920 in the easement itself. By direct mense conveyance, both the dominant feehold northern parcel and the easement in question were conveyed to Wisconsin Avenue. Consequently, May did convey a dominant tenement to Properties, Inc.
¶ 27. It is my view that the language of the easement created an easement appurtenant that defined all adjacent lands as the dominant tenement. Therefore, I respectfully dissent.