■ In the Matter of SOHO 54 LLC, Appellant, v PETER S. BERGMAN, Also Known as TOBI BERGMAN, et al., Respondents. [915 NYS2d 555]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered December 4, 2009, which denied the petition, declared that petitioner may not use its easement through the alley between 56 and 58 Watts Street (the alley) as long as the easement also benefits 52 Watts Street and enjoined petitioner from using the easement, unanimously affirmed, without costs.

"It has long been the rule that the owner of the dominant tenement may not subject the servient tenement to servitude or use in connection with other premises to which the easement is not appurtenant" (*Mancini v Bard*, 42 NY2d 28, 31 [1977] [internal quotation marks and citations omitted]). While two of petitioner's properties (56 and 54 Watts Street) have the right to use the alley, the third property (52 Watts Street) does not.

The reference to an alley in the 1816 deed for 52 Watts Street is to an alley running from 52 Watts Street to Sixth Avenue, not the alley at issue in this case. The 1918 document on which petitioner relies is not dead, but rather is a lease that expired, at the latest, in 1939.

Since petitioner has built a hotel on all three properties (52-56 Watts Street), the court properly enjoined petitioner from using its easement to the alley "until such time as the building shall be so changed, altered or arranged as to permit the enjoyment of the easement for the advantage of [54-56 Watts Street] only" (*McCullough v Broad Exch. Co.*, 101 App Div 566, 574 [1905], *affd* 184 NY 592 [1906]). Concur—Tom, J.P., Mazzarelli, Renwick, Freedman and Manzanet-Daniels, JJ.